**READING CYCLES, INCORPORATED,**

v.

**CYCOM CORPORATION.**

**Civ. A. No. 85–2601–W.**

United States District Court,
D. Massachusetts.

Sept. 10, 1986.

Geoffrey D. Wyler, Boston, Mass., for Reading Cycles, Inc.

Howard J. Wayne, Lawson & Wayne, Boston, Mass., for Cycom Corp.

ROBERT B. COLLINGS, United States Magistrate.

On April 28, 1986, pursuant to Local Rule 15(g) as it then read, the Clerk issued a Notice of Delinquency to the plaintiff on account of its failure to serve answers to the interrogatories which the defendant had served upon it on or about January 31, 1986. The Notice read, in pertinent part:

> ... if you fail to file answers to these interrogatories within twenty (20) days from this date, the defendant may then move for an Order to Compel the filing of the answers or for other relief.

The plaintiff failed to answer the interrogatories within twenty days of April 28, 1986. Thereupon, the defendant filed, on May 27, 1986, the instant motion to compel which seeks an order compelling "compliance with Court Order of April 28, 1986" and for an award of costs. It should be noted that what was issued on April 28, 1986 was not a "Court Order" but rather a "Notice of Delinquency".

Before the Court could act on the motion, the plaintiff served the answers to defendant's interrogatories. Defendant, however, seeks an award of reasonable costs, including attorney's fees, in connection with the filing of the motion to compel.

It is to be noted that Rule 37(a)(4), F.R. Civ.P., does not afford a basis for awarding costs in this factual situation. Rule 37(a)(4), F.R.Civ.P., provides for an award of costs incurred in *obtaining* an order compelling discovery. In the instant case, the Court did not issue an order compelling discovery because the plaintiff served its

answers before the motion could be acted upon.

However, Rule 37(d), F.R.Civ.P., is fully applicable to the factual situation in the instant case. That rule provides, in pertinent part:

> If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A) (B) (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

There is no question but that the plaintiff failed to serve answers or objections to interrogatories within the time prescribed by Rule 33(a), F.R.Civ.P., i.e. within thirty days after service. In these circumstances, pursuant to Rule 37(d), F.R.Civ.P., the Court *shall* award reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

■ I can find no facts in this case on which I could justify a ruling that the failure to serve answers to interrogatories over four months after service of the interrogatories is substantially justified. The lack of justification is highlighted by the fact that the plaintiff was warned of its failure to serve answers to interrogatories when the answers were two months overdue by the issuance of the Notice of Delinquency. Despite this warning, the plaintiff failed to serve answers within the twenty days provided in the Notice. Similarly, I can find no other circumstances which make an award of expenses unjust. The plain fact is that the defendant had to expend resources in preparing and filing a motion to compel in order to get answers to interrogatories which it was entitled to receive three months earlier without the necessity of filing a motion to compel. In my opinion, the provisions of Rule 37(d), F.R. Civ.P., *mandate* an award of reasonable expenses, including attorney's fees, incurred in preparing and prosecuting the motion to compel.

■ Pursuant to Rule 37(d), F.R.Civ.P., an award must be reasonable. In Counsel For Defendant's Affidavit In Support Of Award Of Expenses (# 14), defendant's counsel seeks reimbursement for four hours of attorney time at the rate of $90.00 per hour for a total of $360.00. While I find the rate to be reasonable, I believe the time spent on the motion to be somewhat excessive. The motion is one and one-half pages long and basically recites the chronology of events from the date on which the defendant served its interrogatories to the date of the motion, i.e. May 27, 1986. While references are made to Rule 37, F.R. Civ.P., no cases or treatises are cited. The one hour claimed for "legal research and drawing up motion" and the ¾ hour claimed for "drawing up motion and revising it" are not reasonable. I shall award the defendant compensation for one hour of attorney time for research and for drafting and revising the motion. I shall award the defendant compensation for ¼ hour of attorney time spent in conference with a senior partner in connection with the motion. I shall not award any compensation for attorney time expended in travelling the few blocks to the courthouse for filing the motion; this seems to me to be the type of task that should have been assigned to a clerk or paralegal and should not be reimbursed at the rate for attorneys. I shall award the defendant compensation for ¼ hour of attorney time in appearing before the Court to argue the motion and compensation for ½ hour of attorney time in preparing counsel's affidavit in support of the

defendant's claim for an award of expenses.

Therefore, it is ORDERED that the Motion For Order To Compel Defendant's (sic) Compliance With Court Order Of April 28, 1986, And For Defendant To Be Awarded Costs (# 12) be, and the same hereby is, ALLOWED to the extent that the plaintiff is ORDERED, pursuant to Rule 37(d), F.R. Civ.P., to pay to the defendant, *on or before the close of business on Friday, October 31, 1986*, the sum of one hundred eighty dollars ($180.00) as reasonable expenses caused by the plaintiff's failure to serve answers to the defendant's interrogatories within the time prescribed by Rule 33(a), F.R.Civ.P. It is FURTHER ORDERED that the Motion For Order To Compel Defendant's (sic) Compliance With Court Order Of April 28, 1986, And For Defendant To Be Awarded Costs (# 12) be, and the same hereby is, otherwise, DENIED.